IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLC; U.S. BANK, N.A.,<br><br>  Defendants. | No. C 16-00627 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**INTRODUCTION**

In this foreclosure action, defendants move to dismiss under Rule 12. To the extent stated herein, defendants' motion is **GRANTED**.

**STATEMENT**

In December 2006, plaintiff David Martinez obtained a loan in the amount of $539,750, secured by a deed of trust on his house located in San Jose, California. The deed of trust lists plaintiff as the borrower, BNC Mortgage, Inc., as the lender, and Mortgage Electronic Regisration Systems, Inc., as the nominiee for BNC and its successors and assigns (Compl. Exh. A).

In 2007, plaintiff defaulted on his loan payments, and a notice of default was recorded with the Santa Clara County Recorder in January 2008. In April 2008, a substitution of trustee

1  issued, naming First American Loanstar Trustee services as the new trustee for plaintiff's loan.
2  One month later, First American issued a notice of trustee sale and U.S. Bank, N.A. became the
3  trustee (Compl. Exhs. D–G).

4      In June 2008, plaintiff's house was sold in a foreclosure sale for $357,000 to U.S. Bank
5  as trustee for BNC Mortgage Loan Trust 2007-1, which sale was recorded on June 4, 2008 in
6  the Santa Clara County Recorder's Office (Compl. Exh. H).

7      Now, nearly eight years after the foreclosure of his property, plaintiff brings this lawsuit
8  alleging claims of (1) wrongful foreclosure, (2) fraud, (3) unjust enrichment, (4) quiet title, (5)
9  accounting, and (6) violation of California Business & Professions Code Section 17200. All of
10 these claims arise out of plaintiff's 2008 foreclosure. Defendants move to dismiss all of
11 plaintiff's claims as time barred under the applicable statutes of limitations.

12     This order follows full briefing and oral argument.

### ANALYSIS

14     To survive a motion to dismiss, a complaint must contain sufficient factual matter,
15 accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556
16 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations
17 to draw a reasonable inference that the defendant is liable for the conduct alleged. While a
18 court "must take all of the factual allegations in the complaint as true," it is "not bound to
19 accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Bell
20 Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)).

21     Here, each of plaintiff's claims is clearly barred by the applicable statute of limitations.
22 Plaintiff's first five claims (for wrongful foreclosure, fraud, unjust enrichment, quite title, and
23 accounting) are all subject to a three-year statute of limitations. The Section 17200 claim is
24 subject to a four-year statute of limitations. All of plaintiff's claims arise out the 2008
25 foreclosure sale of his house — well beyond the statute of limitations period for each claim.

26     Furthermore, plaintiff's complaint alleges no facts that would warrant any tolling of the
27 statute of limitations under the discovery rule. "In order to rely on the discovery rule for
28 delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim

United States District Court
For the Northern District of California

would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). Plaintiff alleges no facts at all relating to late discovery of any violation. In contrast, the reasonable inference is that plaintiff became aware of his alleged injury in 2008, when he lost his property to foreclosure.

Plaintiff's opposition hardly addresses the statute of limitation argument. In one sentence, it merely states that the "complaint is not time barred" (Opp. at 2). Rather, plaintiff's opposition ventures into a long diatribe about the evils of the banking industry, "Wall Street shenanigans," res judicata, and stare decisis. To toll the statute of limitations, the "burden is on the plaintiff to show diligence, and conclusory allegations will not withstand" a motion to dismiss. *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319 (2007). Nothing in plaintiff's complaint or in his opposition comes close to meeting this burden. Accordingly, defendants' motion to dismiss plaintiff's claims based on the statute of limitations is **GRANTED**.

## CONCLUSION

To the extent stated herein, defendants' motion to dismiss is **GRANTED**. No leave to amend shall be granted because this order finds that amendment would be futile. Judgment shall be entered separately.

**IT IS SO ORDERED.**

Dated: April 7, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3